**REED et v STATE**

Ohio Appeals, 5th Dist, Perry Co

No 201. Decided March 24, 1933

J. E. Powell, New Lexington, for plaintiffs in error.

Dwight Cusick, Prosecuting Attorney, New Lexington, for defendant in error.

LEMERT, J.

So the question squarely presents itself from this record, was the exclusion of the foregoing testimony erroneous? The record discloses that the objection was made by the prosecutor, and sustained by the court, for the reason that the defendants had not given notice to the state or prosecutor that they intended to prove an alibi. The evidence sought to be introduced on the part of the defendants below, as we view it, was not sought for the purpose of proving an alibi—that is, as to their whereabouts at the time the burglary and larceny was alleged to have been committed, to-wit, about the hour of one at night on September 20, but it had to do with their whereabouts between the hours of six and seven on the morning of September 21, keeping in mind that these defendants were accused of the offense of burglary and larceny, and they were not charged with the offense of having in their possession or selling stolen wheat. This evidence was sought to be introduced for the purpose of the impeachment of the witness Gessel, and we are of the opinion that the defendants were entitled to have this testimony introduced and go to the jury, and that the so-called alibi statute was not controlling, and that it was error on the part of the trial court in refusing to permit the introduction of this testimony, and that it was not only error but it was prejudicial error, for which this judgment will have to be reversed.

While the evidence in this case is purely circumstantial, and we do not hesitate to say that the circumstances point strongly to the guilt of these defendants and it is with reluctance that we reverse this judgment, yet where there is error such as we find in this case, and feeling as we do that the same is prejudicial error, we are in duty bound to reverse the case, and the same is accordingly done and the case remanded to the Court of Common Pleas for further proceedings according to law. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.